UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EVAN KATZ,                                        :
                                                  :
                Plaintiff,              :
                                                  :       **MEMORANDUM AND ORDER**
    -against-                                  :       13-CV-4445 (DLI) (CLP)
                                                  :
ROCHELLE P. MILLER,                               :
                                                  :
                Defendant.              :
------------------------------------------------------------ x
**DORA L. IRIZARRY, U.S. District Judge:**

      Plaintiff Evan Katz ("Plaintiff") filed the instant action on May 24, 2013 in New York Supreme Court, Kings County, against defendant Rochelle P. Miller ("Defendant"), who is a resident of New Jersey. (*See* Verified Complaint, Docket Entry No. 14-4.) Defendant filed a Verified Answer, dated July 9, 2013, to which Plaintiff responded with Verified Bill of Particulars. (*See* Verified Answer, Docket Entry No. 14-5; Verified Bill of Particulars and Response to Defendant's Combined Demands, Docket Entry 14-6.) On August 7, 2013, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441. Plaintiff now moves for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, as to the issue of liability. For the reasons set forth below, Plaintiff's motion for summary judgment is denied.

## BACKGROUND[1]

      This case arises out of an automobile accident that occurred between the parties on September 30, 2012 on the Belt Parkway in Brooklyn, New York. The accident occurred at approximately noon and there was no inclement weather at the time. (*See* Plaintiff's Rule 56.1 Statement of Material Facts Not in Dispute ("Pl. 56.1"), ¶ 2; Defendant's Response to Plaintiff's

---

[1] The following facts are undisputed, unless otherwise noted.

Rule 561. Statement ("Def. 56.1 Rep."), ¶ 2.) There were three lanes of traffic in the westbound direction at the location of the vehicle accident, and Plaintiff was traveling in the left lane at the time of the accident. (Pl. 56.1¶ 4; Def. 56.1 Rep. ¶ 4.) There also was traffic congestion leading up to the site of the accident. (Pl. 56.1¶ 8; Def. 56.1 Rep. ¶ 4.) Plaintiff contends that while his vehicle was stopped for "one or two seconds," Defendant's vehicle struck his vehicle in the rear. (Pl. 56.1¶ 10.) Defendant is unsure whether Plaintiff's vehicle was fully stopped at the time of the accident, but she confirmed that Plaintiff's brake lights were on before she made contact. (*See* Def. 56.1 Rep. ¶ 10; Deposition of Rochelle P. Miller ("Def. Dep."), Docket Entry 14-13, at 45:17-24.) Additionally, Defendant "disputes the time frame of 'one or two seconds,' and stated that from the time she first observed the brake lights on [Plaintiff's] vehicle, to the time of the accident, five to ten seconds passed." (Def. 56.1 Rep. ¶ 10.) Defendant attributes her collision into Plaintiff's vehicle to the unexpected failure of her vehicle's brakes when she attempted to slow her vehicle down. (Def. 56.1 Rep. ¶ 31.) As a result of the accident, Plaintiff suffered physical injuries. (*See* Verified Compl. ¶ 10.)

Plaintiff contends that the abovementioned undisputed facts constitute a *prima facie* showing of negligence as a matter of New York law, and that Defendant has failed to rebut this showing, as is her burden on a motion for summary judgment. (*See* Plaintiff's Reply to Defendant's Opposition ("Pl. Reply"), Docket Entry No. 14-16, at 2.) Defendant effectively concedes that Plaintiff has made a *prima facie* showing of negligence, and that she bears the burden to offer a non-negligent explanation for the collision. (*See generally* Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("Def. Opp."), Docket Entry No. 14-10.) In attempting to satisfy this burden, Defendant asserts that she has sufficiently adduced facts to support the explanation that her brakes failed suddenly and unexpectedly, and that she

2

acted reasonably to keep the brakes in good working order. (*Id*. at 8-9.) Defendant argues that this non-negligent explanation for the accident represents a genuine issue of material fact precluding summary judgment on the issue of liability. (*Id*. at 9.) The Court agrees.

## DISCUSSION

### I. Standard for Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations omitted). A fact is "material" within the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam) and *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989)). "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt

that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrates the absence of a genuine issue of fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted). The nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson*, 477 U.S. at 256. The nonmoving party may not "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532-533 (2d Cir. 1993) (citations and internal quotations omitted). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita*, 475 U.S. at 587).

## II. New York Law on Rear-end Collisions

### a. New York's Presumption of Negligence in Collisions Involving Slowing or Stopped Vehicles Applies Here

New York substantive law governs this action pursuant to the well settled choice of law principles in diversity actions. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). "Under New York law, a rear-end collision establishes a *prima facie* case of liability against the rear vehicle and imposes a duty of explanation on the operator of that vehicle." *Hong v. Maher*, 2004 WL 771127, at *2 (S.D.N.Y. Apr. 13, 2004) (citing *Sekuler v. Limnos Taxi, Inc.*, 264 A.D.2d 389,

389 (2d Dep't 1999); *Itingen v. Weinstein*, 260 A.D.2d 440, 441 (2d Dep't 1999); *Inzano v. Brucculeri*, 257 A.D.2d 605, 605 (2d Dep't 1999); *Barba v. Best Sec. Corp.*, 235 A.D.2d 381, 381 (2d Dep't 1997)). This presumption regarding liability arises from both New York common law principles and New York's Vehicle and Traffic Law, both of which establish that any driver approaching another automobile from the rear "is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle." *Hong*, 2004 WL 771127 at *2 (citations omitted); N.Y. Veh. & Traf. Law § 1129(a); *see also Chepel v. Meyers*, 306 A.D.2d 235, 236 (2d Dep't 2003); *Power v. Hupart*, 260 A.D.2d 458 (2d Dep't 1999). Accordingly, "[t]he operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision." *Lopez v. Minot*, 258 A.D.2d 564, 564, (2d Dep't 1999) (internal citations omitted). "If the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law." *Barile v. Lazzarini*, 222 A.D.2d 635, 636 (2d Dep't 1995) (internal citations omitted).

This negligence presumption applies here, where Defendant admits that, in the midst of traffic, she struck Plaintiff's vehicle while it was stopped or stopping. *See Harrington v. Kern*, 52 A.D.3d 473, 473 (2d Dep't 2008) ("[A] rear-end collision with a stopped or stopping vehicle creates a *prima facie* case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision."). Thus, the burden shifts to Defendant to produce evidentiary proof in admissible form sufficient to raise triable issues of fact. *See Zuckerman v City of New York*, 49 N.Y.2d 557, 560 (1980). A defendant can overcome the presumption of negligence by providing a non-negligent explanation for the collision. *See Mangual v. Pleas*, 2004 WL 736817, at *4 (S.D.N.Y.

Apr. 6, 2004). "Such a non-negligent explanation may include mechanical failure, unavoidable skidding on wet pavement, a sudden stop of the vehicle ahead, or any other reasonable cause." *Altman v. Bayliss*, 1999 WL 782338, at *2 (W.D.N.Y. Sept. 30, 1999) (citing *Power v. Hupart*, 260 A.D.2d 458 (2d Dep't 1999)).

To rebut the presumption, Defendant contends the accident was not caused by her negligence, but instead was due to a non-negligent, mechanical failure, namely, brake failure. (Def. Opp. at 6.) In such instances where the driver of the offending vehicle lays blame for the accident on brake failure, it is incumbent upon that party to demonstrate that the brake failure was "unanticipated and that reasonable care had been exercised to keep the brakes in good working order." *Vidal v. Tsitsiashvili*, 297 A.D.2d 638 (2d Dep't 2002); *see also Hollis .v Kellog*, 306 A.D.2d 244, 245 (2d Dep't 2003); *Elgendy v. Pilpel*, 303 A.D.2d 446, 447 (2d Dep't 2003); *Schuster v. Amboy Bus Co.*, 267 A.D.2d 448, 448-449 (2d Dep't 1999).

**b. Defendant has Presented a Sufficient Non-negligent Explanation**

Plaintiff asserts that Defendant has failed to present sufficient evidence that she exercised reasonable care with regard to her brakes or that the alleged brake failure was unanticipated. (Pl. Reply at 3.) The Court disagrees and finds that Defendant has provided a sufficient, non-negligent explanation for the accident. With regard to the sudden and unanticipated nature of her vehicle's alleged brake failure, Defendant testified at her deposition that her car brakes had operated properly on the drive that preceded the collision, and had not suffered from any mechanical failure prior to the accident.[2] (*See* Def. Dep. at 13:21–14:18, 77:20–78:3.) With

---

[2] Plaintiff repeatedly notes that Defendant's opposition to summary judgment is predicated on inadmissible evidence, namely Defendant's unsigned deposition. (Pl. Reply at 2, 5.) Federal Rule of Civil Procedure 30(e) requires that a party or deponent be permitted to review the deposition transcript, make corrections, and sign a statement indicating what was changed, if the review is requested prior to the completion of deposition and the officer taking the deposition notes the request. However, as the Notes of Advisory Committee on 1993 amendments to Rule 30 indicate, the deponent's signature is only required if review is requested and corrections are made. As there is no indication that a review of Defendant's deposition was requested, the Court is not barred from

6

regard to her efforts to exercise reasonable care to keep the brakes in good working order, Defendant testified that her vehicle was inspected every two years, as required by New Jersey Law, and that these inspections included a brake inspection. (*Id.* at 18:18-21:16.) She added that the last successful inspection was in May 2012, less than six months before the collision. (*See id.*) Defendant also testified that whenever she found a problem with her vehicle, she would bring the vehicle to be serviced. (*Id.* at 27:7-12; *see generally* STS Invoices, Docket Entry No. 14-14 (noting various repairs and maintenance performed on Defendant's vehicle).)

Plaintiff responds that he is entitled to summary judgment, because Defendant has not provided any direct evidence that she exercised reasonable care to keep her brakes in good working order. (Pl. Reply at 4.) Plaintiff argues that as of August 1, 2010, New Jersey ended mechanical defects testing, and since then only requires inspection of emissions levels. (*Id.* at 6.) In support of this contention, Plaintiff submitted a copy of a document entitled, "New Jersey Inspection Program FAQs." (*See* Docket Entry No. 14-19.) Plaintiff emphasizes that the vehicle maintenance invoices submitted by Defendant do not show specifically any inspection or repair work performed on the brakes of Defendant's vehicle. (Pl. Reply at 6; *see generally* STS Invoices.)

Although Plaintiff has established a *prima facie* case of liability with respect to the collision, in light of New York case law, Defendant has shown that there is a genuine issue of material fact as to whether she exercised reasonable care to keep her brakes in good working order. For example, in *Schuster v. Amboy Bus Co.*, the plaintiff allegedly was injured when a bus owned by the Amboy Bus Company collided with the rear of her vehicle, which was stopped at a red traffic light. *See* 267 A.D.2d at 448. At his deposition before trial, the operator of the bus

---

considering her unsigned deposition. *See, e.g.*, *Elias v. New York City Transit Auth.*, 1997 WL 214968, at *2 n.3 (S.D.N.Y. Apr. 28, 1997).

testified that "the brake failure he experienced just before the collision was sudden and unanticipated, that he had inspected and tested the brakes on the bus involved before taking it on the road and found that the brakes 'were fine', and that Amboy's buses were inspected by mechanics twice annually." *Id.* at 449. Moreover, there was no proof that the driver of the bus operated it a negligent manner. *Id.* Accordingly, the New York court held that the defendants had tendered evidentiary proof in admissible form sufficient to defeat the plaintiff's motion for partial summary judgment on the issue of liability. *Id.*

Similarly, in *Berger v. Ickovicz*, 175 Misc. 2d 677, 681-682 (N.Y. Sup. Ct. 1998), the operator of a moving vehicle testified at his examination before trial that, when he attempted to stop his vehicle, the brake pedal "went right down to the floor" and the vehicle failed to slow down or stop. The court held that an issue of fact existed as to whether the accident was caused by mechanical failure, *i.e.*, the unexpected brake failure asserted by the operator, and, therefore, denied summary judgment because of the existence of a non-negligent explanation for the accident. *See id.*

In *Liana v. Atacil Contracting*, 212 A.D.2d 673 (1st Dep't 1995), the plaintiff's vehicle was stationary when defendant's vehicle struck it in the rear. The defendant testified at trial that: (1) the accident was caused by a sudden and unexpected failure of his vehicle's brakes; (2) his vehicle was inspected on a yearly basis, during which the brakes were tested, and the brakes last had been tested between eight months and one year prior to the accident; and (3) the brakes had been operating perfectly until only minutes before the accident, giving him no reason to have suspected the brakes of imminent malfunction. *See id.* at 673-674. The jury found the defendant was not negligent, and the verdict was upheld on appeal. *See id.* at 674 ("The plaintiff's assertion that [the defendant] did not offer proof of reasonable maintenance of the brakes, such

8

as would render [the defendant's] excuse of brake failure insufficient as a matter of law, is without merit.").

In *Hubert v. Tripaldi*, 307 A.D.2d 692, 694 (3d Dep't 2003), the court upheld a lower court's finding that there was an issue of fact as to whether the accident was caused by brake failure. In that case, the defendant, who was the operator of the offending vehicle, testified that, prior to the accident, he drove out of a parking lot and made a turn, letting the natural momentum of the truck carry it toward the approaching red light without applying the gas. *Id.* at 694. He further testified that the plaintiff's vehicle was stopped at the light ahead of him and that, when he applied the brakes, they did not respond. *Id.* The defendant added that he had never experienced brake problems with the truck prior to the accident, and speculated that he may have lost air pressure, but otherwise could not explain why the brakes failed. *Id.* The owner of the company for which the defendant worked, testified that he had never experienced brake problems while operating the subject truck, and related only one problem that had occurred prior to the accident when the brakes apparently froze. *Id.* According to owner, the truck was serviced for this problem and its mechanical systems, including the brakes, were maintained on a regular basis. *Id.* The court held that these circumstances raised a question of fact as to whether the accident indeed was caused by brake failure, and summary judgment on the issue of liability was not warranted. *Id.*

In the instant case, a reasonable jury could conclude that Defendant did not anticipate her vehicle's brake failure and exercised reasonable care to keep the brakes in good working order, and, thus, was not negligent. Deposition testimony supports that Defendant never experienced any mechanical difficulties with the vehicle's brakes before the accident, and that her car operated normally before the alleged brake failure. (*See* Def. Dep. at 8:6–8, 75:11–78:3.)

9

Deposition testimony also supports a finding that there came a time before the accident where Defendant saw the brake lights on Plaintiff's vehicle and attempted to slow down and even pressed her brakes "down to the floor," but the brakes were unresponsive. (*Id.* at 45:17–49:2.) Even though, as Plaintiff notes, the repair records submitted by Defendant fail to specify the inspection of the brakes on Defendant's vehicle, these records also could be construed as evidence of Defendant's repeated efforts to address mechanical problems that did arise with her vehicle. Further, while Plaintiff contends that New Jersey ended testing of mechanical defects in August 2010, a charge that conflicts with Defendant's testimony, Plaintiff has not contradicted Defendant's testimony that her car, including its brakes, were at least inspected in May 2010. (*See* Pl. Resp. at 4; Def. Opp. at 8.)

Accordingly, in light of the evidence presented, and after viewing the facts in the light most favorable to Defendant, Plaintiff has not sustained his burden of showing that no rational trier of fact could find for Defendant. Genuine issues of material fact remain as to, *inter alia*, whether there was brake failure; if so, whether it was unanticipated; and whether Defendant exercised reasonable care in maintaining her brakes in proper working order. These issues are for a jury to decide.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment is denied.

SO ORDERED.

Dated: Brooklyn, New York
      March 27, 2015

/s/
DORA L. IRIZARRY
United States District Judge